# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.U.P.A.T. DISTRICT COUNCIL #57 COMBINED FUNDS on behalf of the TRUSTEES OF THE I.U.P.A.T. WELFARE FUND OF WESTERN PA AND THE I.U.P.A.T. WESTERN PA ANNUITY FUND AND THE INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #57, <br><br> Plaintiff, <br><br> vs. <br><br> PANTHERA PAINTING, INC. and ANDREW MANGANAS, <br><br> Defendants. | CASE NO. 2:09-CV-1382 <br><br> Honorable Gary L. Lancaster |

## CONSENTED PROTECTIVE ORDER

Under Rule 26(c) of the Federal Rules of Civil Procedure, the following Consented Protective Order has been entered by Court.

Proceedings and Information Governed

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, responses to third party subpoenas and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

Designation and Maintenance of Information

2. For purposes of this Protective Order, (a) the "Confidential" designation shall mean that the information is comprised of trade secrets, proprietary or confidential commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c)(7), or otherwise required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only"

#13156896 v1

designation shall mean that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret, or proprietary information. "Confidential Attorney Eyes Only" information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential. The parties agree that Plaintiff will not designate any material or information "Confidential Attorney Eyes Only" that Plaintiff claims was misappropriated by any Defendant in this action.

3. Information, including documents and things produced during the course of this litigation within the scope of paragraph 2 (a) above, may be designated by the producing party or by a party whose information is in possession, control or custody of a non-party who receives a subpoena in this action, as "Confidential" information by placing on each page and each thing a legend substantially as follows:

## CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

If the information is produced by a non-party pursuant to a subpoena, the information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of such designation.

Information, including document and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party or by a party whose information is in the possession, control or custody of a non-party who receives a subpoena in this action, as "Confidential Attorney Eyes Only" by placing on each page and each thing a legend substantially as follows:

## CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
## SUBJECT TO PROTECTIVE ORDER

If the information is produced by a non-party pursuant to a subpoena, the information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of such designation.

A party may designate information disclosed at a deposition as "Confidential" or "Confidential Attorney Eyes Only" by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript or any portion thereof is to be designated as "Confidential" or "Confidential Attorney Eyes Only." If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as "Confidential Attorney Eyes Only," unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of "Confidential" or "Confidential Attorney Eyes Only" information. Each party and the court reporter shall attach a copy of any final and timely written

designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing "Confidential" or "Confidential Attorney Eyes Only" information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

Inadvertent Failure to Designate

4. The inadvertent failure to designate or withhold any information as confidential will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as confidential at a later date in writing. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

Inadvertent Production of Privilege Information

5. The parties agree that the inadvertent production of any discovery materials that would be protected from disclosure under the attorney-client privilege, the work product doctrine or any other privilege or doctrine shall not constitute a waiver of such privilege or doctrine. If any such discovery materials are inadvertently produced, the recipient of the discovery materials agrees that, upon request from the producing party, it will promptly return the discovery materials and all copies of the discovery materials in its possession, delete any versions of the discovery materials on any database it maintains and make no use of the information contained in the discovery materials. The party returning such discovery materials shall have the right to move the Court for an order that such discovery materials are not protected from disclosure by any privilege. The person returning such materials may not, however, assert as a ground for such motion the inadvertent production or the circumstances of the inadvertent production.

Challenge to Designations

6. A receiving party may challenge a producing party's designation at anytime. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, and after the conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

Disclosure and Use of Confidential Information

7. Information designated as "Confidential" or "Confidential Attorney Eyes Only" may only be used for purposes of this action, including any appeal.

8.  Subject to paragraph 9 below, "Confidential" information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

9.  Subject to paragraph 9 below, "Confidential Attorney Eyes Only" information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by (a) such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) experts or consultants; and (e) those individuals designated in paragraph 12(c).

10. Prior to disclosing "Confidential" or "Confidential Attorney Eyes Only" to a receiving party's proposed expert, or consultant, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry.

11. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

12. "Confidential" or "Confidential Attorney Eyes Only" information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

   a.  the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

   b.  the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

   c.  counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

#13156896 v1

Non-Party Information

13. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

Filing Documents With the Court Under Seal

14. To the extent a party desires to file confidential information with the Court, confidential information shall be filed under seal. In accordance with the Standing Order of the United States District Court for the Western District of Pennsylvania entered on January 27, 2005, a party seeking to file confidential information under seal must first seek leave of the Court. In the event that any party obtains leave of the Court to submit confidential information under seal, such a submission shall be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**

This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.

No Prejudice

15. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

Conclusion of Litigation

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing "Confidential" or "Confidential Attorney Eyes Only" information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work produced provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

#13156896 v1

Other Proceedings

17. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated "Confidential" pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

Remedies

18. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

19. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

AGREED TO BY:

By:

/s/ Neil J. Gregorio
Jeffrey J. Leech
PA I.D. No. 19814
jleech@tuckerlaw.com
Neil J. Gregorio
PA I.D. No. 90859
ngregorio@tuckerlaw.com
TUCKER ARENSBERG
1500 One PPG Place
Pittsburgh, PA 15222
Phone: (412) 566-1212
(counsel for Plaintiff)

By:

/s/ James P. Thomas
James P. Thomas
PA I.D. No. 75960
thomasjp@pepperlaw.ocm
PEPPER HAMILTON LLP
500 Grant Street, 50th Floor
Pittsburgh, PA 15219
Phone: (412) 454-5000
(counsel for Defendant, Andrew Manganas)

IT IS SO ORDERED:

Dated: 9-13-2010

_____
The Honorable Gary L. Lancaster

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.U.P.A.T. DISTRICT COUNCIL #57 COMBINED FUNDS on behalf of the TRUSTEES OF THE I.U.P.A.T. WELFARE FUND OF WESTERN PA AND THE I.U.P.A.T. WESTERN PA ANNUITY FUND AND THE INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #57, <br><br> Plaintiff, <br><br> vs. <br><br> PANTHERA PAINTING, INC. and ANDREW MANGANAS, <br><br> Defendants. | CASE NO. 2:09-CV-1382 <br><br> Honorable Gary L. Lancaster |

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Confidential," or "Confidential Attorney Eyes Only," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any "Confidential" or "Confidential Attorney Eyes Only" information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing "Confidential" or "Confidential Attorney Eyes Only" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential" or "Confidential Attorney Eyes Only" information are to be returned to counsel who provided me with such documents and materials.

Dated: _____     By: _____
                         Title: _____

486917.1LIT

## Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.U.P.A.T. DISTRICT COUNCIL #57 COMBINED FUNDS on behalf of the TRUSTEES OF THE I.U.P.A.T. WELFARE FUND OF WESTERN PA AND THE I.U.P.A.T. WESTERN PA ANNUITY FUND AND THE INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #57, | ) ) ) ) ) ) ) ) | CASE NO. 2:09-CV-1382<br><br>Honorable Gary L. Lancaster |
| Plaintiff, | ) | |
| vs. | ) ) | |
| PANTHERA PAINTING, INC. and ANDREW MANGANAS, | ) ) ) ) | |
| Defendants. | ) | |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things, designated as "Confidential," or "Confidential Attorney Eyes Only" information, as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any "Confidential" or "Confidential Attorney Eyes Only" information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

Dated: _____     By: _____
                          Title:

486918.1:LIT

#13156896 v1